[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter is before the Court in connection with the defendant's Motion for Joint Custody, the defendant's Motion for Modification of Support and the plaintiff's Motion for Contempt.
The following facts were established:
1. The parties were divorced on September 2, 1987. They have three minor children. The defendant was ordered to pay $60.00 per week per child or $180 per week in child support.
2. As of June 24, 1995, the date the defendant filed his Motion for Modification of Child Support, the defendant was in arrears in the amount of $660.
3. On or about June 23, 1995, the defendant was involved in a serious automobile accident which resulted in significant injuries to his right hand and which required multiple surgeries.
4. The defendant's truck was deemed "totalled" as a result of the above accident resulting in his insurance company paying him $16,000 as the fair market value of the truck.
5. The defendant is a self employed excavator and has been unable to work in that capacity since his accident; however, a CT Page 3461-H November 17, 1995 report by his surgeon states that as of that date the defendant was "returning to limited modified work."
6. Since his accident the defendant has received at least $28,000, as follows: $16,000 from his insurance carrier for damage to his truck; $6,000 in wages, principally from plowing; and $6,000 in receivables.
7. The defendant has not made any child support payments since his accident, notwithstanding his receipt of almost $28,000.
8. There are 22 weeks between the date of the defendant's accident (June 28, 1995) and the date his physician deemed him eligible to return to "limited modified work."
9. Had the defendant made all of the court ordered child support payments during that 22 week period he would have made payments in the amount of $3900 (22 x $180).
10. The defendant purchased another truck costing $16,000 with the entire proceeds from his insurance settlement.
11. As part of the 1987 divorce the plaintiff was awarded sole physical and legal custody of the three children, with reasonable rights of visitation in the defendant.
12. The parties' daughter is receiving in-patient treatment for drug abuse and emotional problems. The defendant believes he has been denied access to information concerning his daughter's treatment because he does not have joint legal custody of her.
The following orders shall enter:
1. The plaintiff and the defendant shall have joint legal custody of their children, but physical custody of them shall remain with the plaintiff in accordance with the visitation orders currently in effect.
2. Retroactive to June 25, 1995 through April 15, 1996, the defendant's child support obligations are reduced from $180 to $120 per week. This reduction is in recognition of the defendant's serious injury, but also considers that he received during this same period almost $28,000 in payments and that there has been no showing that it was essential that he purchase CT Page 3461-I another $16,000 vehicle. The period June 25, 1995 through April 15, 1996, is 43 weeks. Total child support payments during this period at the rate of $120 per week is $5160, a reasonable amount given the defendant's receipt of $28,000; his ability to engage in light duty work during some of this period; and the absence of any showing that he could not have purchased a vehicle for less than $16,000.
3. An arrearage of $5160 is found for the period June 25, 1995 through April 15, 1996.
4. Effective May 1, 1996, the defendant shall resume child support payments in the amount of $180 per week.
5. On or before December 1 of 1996, 1997 and 1998 the defendant shall make a lump sum $1720 payment toward the arrearage of $5120.
The defendant's Motion for Joint Custody is granted. The defendant's Motion for Modification of Support is granted in part and denied in part. The plaintiff's Motion for Contempt is denied.
SO ORDERED.
Robert L. Holzberg, J.